IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
--------------------------------------------------------

JORGE GONZALEZ,

                Plaintiff,                                  ORDER

v.

                                                            13-cv-702-wmc

SGT. KUSSMAUL, *et al.*,

                Defendants.
--------------------------------------------------------

In an order dated December 20, 2013, this court granted plaintiff Jorge Gonzalez leave to proceed with a civil action against several correctional officers and other state employees at the Wisconsin Secure Program Facility, where plaintiff is currently confined. Pursuant to an agreement with the Wisconsin Department of Justice, the court sent a copy of that order to the state attorney general for acceptance of informal service of process on defendants. Consistent with that agreement, defendants filed an answer on February 3, 2014. Before defendants filed their answer, however, plaintiff filed a motion for default judgment. (*See* Dkt. #29). That motion will be denied for reasons set forth briefly below.

Plaintiff's motion is governed by Fed. R. Civ. P. 55(a), which authorizes entry of a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Courts in this circuit follow "a well-established policy favoring a trial on the merits over a default judgment." *Sun v. Board of Trustees of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) (collecting cases)). Under that policy, "a default judgment should be used only in extreme situations, or when other less drastic sanctions have proven unavailing." *Sun*, 473 F.3d at 811. In other words, "it is a weapon of last resort, appropriate only when a party

wilfully disregards pending litigation." *Id.* (citation omitted). Thus, a plaintiff is not automatically entitled to a default judgment as a matter of right, even where the defendant is technically in default, so long as the plaintiff has not been prejudiced. *See Mommaerts v. Hartford Life and Acc. Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007).

As noted above, the Wisconsin Department of Justice agreed to accept service of process for correctional officers and other state officials in actions filed by pro se litigants. Under the terms of that agreement, defendants have forty days from receipt of the Notice of Electronic Filing granting leave to proceed in which to serve and file an answer. The Department of Justice received a copy of the order granting leave to proceed on December 23, 2013, the date the clerk of court docketed the order, which means defendants had up to and including February 3, 2014 in which to answer. Court records confirm that the answer was timely served and filed in this case. Even if the answer was late, defendants obviously have not failed to plead or otherwise defend for purposes of Fed. R. Civ. P. 55. Therefore, plaintiff's motion for a default judgment must be denied.

## ORDER

IT IS ORDERED that plaintiff Jorge Gonzalez motion for default judgment (dkt. #29) is DENIED.

Entered this 10th day of February, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge